UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC.

v.

UNDERWRITERS, LLOYD'S OF LONDON, et al,
Defendants.

C04-1777P

ORDER DENYING XL INSURANCE LTD'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(2) AND 12(b)(5)

This matter comes to the attention of the Court on Defendant XL Insurance Ltd's (XL's) Motion to Dismiss for lack of personal jurisdiction under Fed R. Civ. P. 12(b)(2) and for lack of proper service under Fed. R. Civ. P. 12(b)(5). Having considered all relevant papers and pleadings on this Motion, the Court concludes that under Washington's long-arm statute, this Court may exercise personal jurisdiction over XL, and that XL was served properly by Amazon.com for the purposes of this action. The Court hereby DENIES XL's Motion to Dismiss.

BACKGROUND

In March 2001, a consolidated class action, <u>In re Amazon.com Inc. Securities Litigation</u> ("the Shareholder Action"), was filed in this Court before Judge Lasnik. The basis of this litigation was The Shareholder plaintiffs' allegation that Amazon's officers and directors made fraudulent statements to inflate the value of various Amazon.com securities. In May 2001, a second class action known as the "Arbitage action" (because of the involvement of plaintiff Argent Classic Convertible Arbitrage Fund,

L.P.) was also filed before Judge Lasnik. This second action was based on the Arbitage plaintiffs' contention that Amazon's officers and directors sold Premium Adjustable Convertible Securities ("PEACS") to plaintiffs at an inflated price.

Previous to the commencement of the two class actions, Amazon had purchased insurance for its directors and officers (D&O Insurance) from National Union. The primary policy with National Union insured Amazon for up to $10 million in damages, including defense costs. In addition, Amazon also purchased successive excess insurance policies from Underwriters at Lloyd's of London ($20 million), Swiss Re ($20 million), and XL Insurance, Ltd. ($10 million). These policies were set up to follow the coverage afforded by the primary policy (Def's Mot. at 2-3). National Union was never a Defendant to this action. Underwriters at Lloyd's was dismissed as a party on December 15, 2004. (Dkt. No. 29).

Amazon alleges that it is now in the process of trying to settle the class actions, particularly the Argent action, but that its efforts have been hampered by Swiss Re's and XL Insurance Ltd.'s lack of cooperation. Specifically, the excess insurers are claiming that their policies do not cover Section 11 and 12 securities violations. Amazon.com filed this action asking that the Court grant it declaratory relief and find that the excess insurers have breached their contracts with Amazon, as well as violated the WCPA. Amazon also pleads equitable estoppel and asks for attorney's fees. Defendant XL brings the current 12(b) motions, asking that Amazon.com's claims for declaratory relief against it be dismissed for lack of personal jurisdiction and for failure to properly serve XL.

ANALYSIS

I. Lack of Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2)

XL argues that it is a Bermudian corporation, which is headquartered in and organized under the laws of Bermuda. It states that it negotiated and executed its contract for coverage of Amazon in Bermuda. XL states that it has no registered agent in WA, no offices in WA, and no minimum contacts with the state that would justify either specific or general jurisdiction over it. Amazon argues

that XL is subject to Washington's long-arm statute and that this court, therefore, has subject-matter jurisdiction over it.

A. The Long-Arm Statute

In relevant part, Washington's long arm statute states:

> (1) [a]ny person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any said acts:. . .
> (d) Contracting to insure any person, property or risk located within this state at the time of contracting. RCW 4.28.185

At the time of the contract between XL and Amazon, Amazon was headquartered in Washington and the majority of its board of directors and officers resided in the state. (Pl's Resp. at 4). Nonetheless, XL argues that subjecting it to Washington state's jurisdiction, when it specifically contracted to avoid litigation, violates XL's due process rights.

B. Due Process Concerns

Defendant argues that under the 14th Amendment, Washington's long-arm statute may only be applied if XL can be found 1) to have purposely availed himself of the privileges and protections of Washington by doing some business in the state; 2) that the suit in question arises from this activity; and 3) the exercise of jurisdiction meets traditional notions of fair play and is reasonable. American President Lines, Ltd. v. Metropolitan Stevedore Services, 567 F. Supp. 169, 170 (W.D. Wash. 1983). Defendant points out that it did not "purposely avail" itself of Washington law, but instead specifically contracted to have its disputes settled under New York law and arbitrated in London. At no time, notes XL, did it come to Washington, have a registered agent in Washington, or run a business in Washington. Because it met none of these criteria, XL also argues that it would violate traditional notions of fair play to subject it to Washington state jurisdiction.

In making these arguments, however, XL ignores the fact that insurance regulation is subject to special public policy considerations in Washington state. None of the cases Defendant relies upon

to support its claim that its due process would be violated involve insurers or insureds. Defendant characterizes one case, American President Lines, Ltd. v. Metropolitan Stevedore Services, as a case involving a "property policy covering contingencies that could arise anywhere in the world related to insured vessels . . ." (Def's Mot. at 7). This case does not involve an insurance dispute. Instead, American President Lines involved a dispute over poorly loaded cargo between a stevedore service and a Washington-based vessel owner. Id. While it is true that the Court in that case did not find that Washington courts could exercise jurisdiction over the defendants, the analysis is not directly on point because it did not involve an insurance policy.

A better analysis is found in Haisten v. Grass Valley Medical Reimbursement Fund, Ltd., a case in which the insurer, who was based in the Cayman Islands, took great pains to have no contacts with California, where it insured doctors against malpractice. The Haisten court found that "activity by the defendant need not physically take place in the forum state so as to constitute sufficient contact under the due process test." 784 F. 2d 1392, 1397 (9th Cir. 1986). Rather, the court found that as long as defendant's connection with the forum state was such that it could "'. . .reasonably anticipate being haled into court there,'" then this connection would satisfy the due process concerns connected to the exercise of jurisdiction. Id., (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 287 (1980). In the case at hand, XL's ongoing commitment to insure a company headquartered in Washington state provides this connection. Therefore, XL's motion to dismiss under 12(b)(2) is DISMISSED.

II.. Lack of Proper Service under Fed. R. Civ. P. 12(b)(5)

A. The WA Statute applies, not the Hague Convention

The basis of XL's claim on this motion is the fact that it is an alien insurer, whose principal place of business is overseas. Under these conditions, XL argues, it should have been served in a way conforming with the Hague Service Convention.

Under Washington law, service of process for unauthorized alien insurers may be effectuated

by serving duplicate copies of the summons on the state Insurance Commissioner via a person competent to serve a summons or by registered mail, along with payment of a $10 fee to the Commissioner. RCW 48.05.215. Plaintiff in this case asserts that it met these conditions, and that XL received notice of the suit on August 27, 2004 (Pl's Resp. at 3, 11). The Supreme Court, in considering the Hague Convention has held that, "[w]here service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications." Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 707 (1988). XL does not contend that Amazon's service was deficient by Washington state standards, leaving this Court to decide if the service fulfilled due process standards.

B. Due Process Concerns

Although this Court has already decided that it may exercise personal jurisdiction over XL under Washington's Long-arm statute, a court may not exercise its jurisdiction over a defendant who has not been properly served according to the minimum requirements of due process. Powell v. Sphere Drake Ins. P.L.C., 97 Wn. App. 890, 899, 988 P. 2d 12 (1999). Here, Plaintiff Amazon complied with the Washington statute regarding service on unauthorized alien insurers. Under RCW 48.28.080(10), service on foreign corporations is reviewed for substantial compliance, and focuses on whether or not the method of service was "reasonably calculated to provide notice to the defendant." Id. at 900. XL does not deny that it received the summons by the method Amazon chose to serve it. The Court finds that Amazon complied with its statutory and Constitutional duties regarding service of process and DENIES XL's motion to dismiss under FRCP 12(b)(5).

The clerk is directed to send copies of this order to Plaintiff and all counsel of record.

DATED this 17th day of May, 2005.

/s/ Marsha J. Pechman
Marsha J. Pechman
United States District Judge