UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC.,

        Plaintiff,

v.

UNDERWRITERS AT LLOYD'S LONDON, et al.,

        Defendants.

No. CR04-1777P

ORDER GRANTING DEFENDANT SWISS RE'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO AMEND

        This matter comes before the Court on Defendant SR International Business Insurance Company, Ltd's ("Swiss Re's") Motion to Dismiss Plaintiff Amazon.com, Inc.'s ("Amazon's") First Amended Complaint (Dkt. No. 33). Defendant argues that Plaintiff's Complaint should be dismissed under Fed. R. Civ. P 12(b)(6) because it is not ripe for judicial review, because Plaintiff did not meet a condition precedent for coverage because there are unresolved underlying court disputes, and because Plaintiff has failed to submit its claims to arbitration, as required by its insurance policy. Plaintiff argues that its dispute is ripe for judicial review, that the condition precedent issue does not apply to it, and that the arbitration clause is unenforceable against it. Having reviewed all of the pleadings pertaining to this motion and all other relevant documents, this Court hereby GRANTS Defendant's Motion to Dismiss and DENIES Plaintiff's Motion for Leave to File Second Amended Complaint.

ORDER - 1

## BACKGROUND

In March 2001, a consolidated class action, In re Amazon.com Inc. Securities Litigation ("the Shareholder Action"), was filed before Judge Lasnik in this Court. The basis of this litigation was class plaintiffs' allegation that Amazon's officers and directors made fraudulent statements to inflate the value of various Amazon.com securities. In May 2001, a second class action known as the "Arbitage action" (because of the involvement of plaintiff Argent Classic Convertible Arbitrage Fund, L.P.) was also filed before Judge Lasnik. This second action was based on its class plaintiffs' contention that Amazon's officers and directors sold Premium Adjustable Convertible Securities ("PEACS") to the Arbitage class plaintiffs at an inflated price.

Previous to the commencement of the two class actions, Amazon had purchased insurance for its directors and officers (D&O Insurance) from National Union. The primary policy with National Union insured Amazon for up to $10 million in damages, including defense costs. In addition, Amazon also purchased successive excess insurance policies from Underwriters at Lloyd's of London ($20 million), Swiss Re ($20 million), and XL Insurance, Ltd. ($10 million). These policies were set up to follow the coverage afforded by the primary policy (Def's Mot. at 2-3). National Union was never a Defendant to this action. Underwriters at Lloyd's was dismissed as a party on December 15, 2004. (Dkt. No. 29).

Amazon states that it is now in the process of trying to settle the class actions, particularly the Argent action, but that its efforts have been hampered by Swiss Re's lack of cooperation and its contention that its policies with Amazon do not cover Section 11 and 12 securities violations. Swiss Re claims that Amazon's claims are not ripe for adjudication, that Amazon has not met certain conditions precedent to coverage because it is prohibited from bringing any type of action against it until the underlying class actions are resolved, and that Amazon is obliged to submit its claims to arbitration. Amazon filed this action asking that the Court grant it declaratory relief and find that Swiss Re breached its contract with Amazon, as well as violated the Washington Consumer Protection Act. Amazon also pleads equitable estoppel and asks for attorney's fees. Defendant Swiss

Re brings the current 12(b)(6) motion, asking that Amazon.com's claims be dismissed for lack of ripeness, as well as failure to fulfill conditions precedent. Amazon has moved for leave to file a second amended complaint.

## ANALYSIS

Fed. R. Civ. P. 12(b)(6) authorizes this Court to accept as true all of the material factual allegations of the Complaint, and the Court must construe all reasonable inferences in the light most favorable to the non-moving party. Enesco Corp. v. Price/Costco, Inc., 146 F.3d 1083, 1085 (9th Cir. 1998). The Court will not dismiss a complaint unless a Defendant shows that Plaintiff can "demonstrate no set of facts in support of [its] claim which would entitle [it] to relief." Parks School of Business v. Symington, 51 F. 3d 1480, 1484 (9th Cir. 1995). The Court will not look beyond a Plaintiff's pleading papers and the exhibits submitted therewith when conducting the 12(b)(6) inquiry. Schneider v. Cal. Dept. of Corrections, 151 F. 3d 1194, 1197 n.1 (9th Cir. 1998).

**A. Ripeness**

Swiss Re argues that Amazon's First Amended Complaint should be dismissed on the grounds that Amazon's action for a declaratory judgment is not yet ripe because the class actions before Judge Lasnik have yet to be resolved. Amazon argues that this Court's resolution of the indemnity issues between it and its excess insurers will speed the settlement process in the disputes before Judge Lasnik and that a declaratory judgment action is appropriate.

Under the Declaratory Judgment Act, a District Court has discretionary jurisdiction to hear a declaratory judgment action. 28 U.S.C. §2201, American Nat'l. Fire Ins. Co. v. Hungerford, 53 F. 3d 1012, 1014 (1995). "Before deciding whether to exercise declaratory jurisdiction, this court first must find that an actual case or controversy exists." Diamond State Ins. Co. v. Fame Operating Co., Inc., 917 F. Supp. 736, 738 (1996). The Supreme Court has noted that the difference between an abstract question and a controversy is one of degree. Maryland Casualty Co. v. Pacific Coal & Oil Co., et al., 312 U.S. 270, 273 (1941). Nonetheless, resolving a dispute based on a "hypothetical set of facts" is disfavored as a waste of judicial resources. American Nat'l Fire Ins. Co., 53 F. 3d. At 1017.

ORDER - 3

Whether the adverse legal interests of the parties are of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment," is a key consideration for courts deciding if they will hear a declaratory judgment action. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941). Amazon has alleged that the issues between it and Swiss Re are immediate. This claim is undermined by the language of Amazon's First Amended Complaint.

Amazon claims that, "[t]he Excess Insurers have failed and refused to acknowledge their obligations to pay further Loss, if any . . .on the grounds that the Section 11 and 12 claims do not constitute a "Loss" under the Excess Policies." (First Amended Compl. at ¶39). Amazon claims that Swiss Re's failure to indemnify it for losses accrued due to Section 11 and 12 securities violations would constitute a breach of its contract with Swiss Re, as well as a violation of the Washington Consumer Protection Act (WCPA). Swiss Re has asserted that, depending on the findings made in the underlying class actions, other policy exclusions may also apply. (Def. Mot. at 7, note 7).

First, Amazon makes it clear in its Complaint that it does not know whether or not there will be any further "losses" incurred that are subject to coverage by Swiss Re. Second, without knowing whether Section 11 and 12 violations will be found in the underlying class disputes, or what other relevant findings in those cases may be, it would be difficult for this Court to render anything but an advisory opinion, which in the end, may not even be necessary. Any declaratory action in this Court will be moot if findings are made in Amazon's favor regarding the Section 11 and 12 securities issues and those issues that may give rise to other exclusions. Until it is known what findings, if any, create a controversy between the parties, then this inquiry remains completely hypothetical and is not ripe for this Court's consideration.

The determination of whether or not a matter is ripe for review is dispositive in regard to Defendant's Motion to Dismiss and the Court need not reach the issues of arbitrability or whether Amazon met the conditions precedent to bringing a suit under its contract with Swiss Re. Accordingly, the Court declines to grant its discretionary jurisdiction in this matter and GRANTS Swiss Re's Motion to Dismiss.

ORDER - 4

**B. Plaintiff's Motion for Leave to File Second Amended Complaint**

Leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Motions to amend are typically granted provided that the amendment will not unduly prejudice the opposing party, is not sought in bad faith, will not cause undue delay, and does not constitute an exercise in futility. DCD Programs, Ltd.v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Given the determination by this Court, above, that the current action is not yet ripe for judicial review, any amendment of Plaintiff's Complaint at this time will be futile. Plaintiff's Motion for Leave to File a Second Amended Complaint is, therefore, DENIED.

## CONCLUSION

Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is DISMISSED because the controversy between the parties is not yet ripe for judicial review. For this reason, Plaintiff's Motion for Leave to File a Second Amended Complaint is also DENIED because any amendment would be futile at this time.

The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

Dated: May 31, 2005.

/s/ Marsha J. Pechman_____
Marsha J. Pechman
United States District Judge

ORDER - 5